UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**BILLY CANNON,**

        Plaintiff,

v.                                             **Case No. 15-cv-1370-pp**

**TIMOTHY GRAY, et al.,**

        Defendants.

---

**DECISION AND ORDER DISMISSING AMENDED COMPLAINT (DKT. NO. 13)**

---

On November 16, 2015, the plaintiff, who is a prisoner at Stanley Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. Dkt. No. 1. On January 11, 2016, the plaintiff filed an amended complaint. Dkt. No. 7. On July 7, 2016, the court screened the amended complaint, pursuant to 28 U.S.C. §1915A(a), and dismissed it based on the plaintiff's failure to state a claim. Dkt. No. 11 On July 8, 2016, the deputy clerk entered judgment, noted that the plaintiff had incurred a strike under 28 U.S.C. §1915(g), and closed the case. Dkt. No.12. Despite this fact, on August 1, 2016, the plaintiff filed—in the closed case—another amended complaint. Dkt. No. 13.

The Court of Appeals for the Seventh Circuit has held that "after a final judgment, a plaintiff may amend his complaint only after successfully moving to vacate or set aside a judgment under Federal Rule of Civil Procedure 59(e) or 60(b)." Tavar v. Sharp, 500 Fed. App'x 542, 543 (7th Cir. 2013) (unpublished

(citing <u>Foster v. DeLuca</u>, 545 F.3d 582, 583 (7th Cir. 2008) and <u>Dubicz v. Commonwealth Edison Co.</u>, 377 F.3d 787, 790 (7th Cir. 2004)).

The plaintiff has not filed a motion to vacate or set aside the court's July 8, 2016 judgment. This case is closed; there is no longer a complaint for the plaintiff to amend.

The court **DISMISSES** the plaintiff's August 1, 2016 amended complaint (Dkt. No. 13).

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge

2

Case 2:15-cv-01370-PP   Filed 08/11/16   Page 2 of 2   Document 14